UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD DARREN FLECK, | ) | Case No. SACV 09-01317-VBF (DTB) |
| Petitioner, | ) ) | |
| vs. | ) ) | ORDER TO SHOW CAUSE |
| DOMINGO URIBE, JR., WARDEN, | ) ) ) | |
| Respondent. | ) ) | |

On or about October 25, 2009,[1] petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be challenging a 1998 judgment of conviction sustained in Orange County Superior Court Case No. 94WF2516. (See Pet. at ¶ 2). All of petitioner's claims are sentencing error claims. He contends that the trial court erred and that his counsel rendered ineffective assistance, in connection with the restitution fine imposed at sentencing. (See Pet. at ¶ 7.a-b; Pet. at 5a).

---

[1] October 25, 2009, is the signature date and thus the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (same).

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[2] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1       Here, the Petition failed to include any of the dates relating to petitioner's direct
2 appeal of his judgment for conviction.  However, a review of the California Appellate
3 Courts website reveals that petitioner filed a direct appeal of his conviction with the
4 California Court of Appeals, Case Number G023456, in May, 1998, and that the Court
5 of Appeals issued a reasoned opinion affirming the judgment of conviction on August
6 31, 2000.  Thereafter, petitioner filed a Petition for Review with the California
7 Supreme Court in Case Number S092383, which was denied on December 13, 2000.
8 Thus, "the date on which the judgment became final by conclusion of direct review
9 or the expiration of the time for seeking such review" was March 13, 2001, when the
10 90-day period for petitioner to petition the United States Supreme Court for a writ of
11 certiorari expired.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999);
12 Beeler, 128 F.3d at 1286 n.2.  Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A),
13 petitioner's judgment of conviction "became final by conclusion of direct review or
14 the expiration of the time for seeking such review" on March 13, 2001, and his one-
15 year limitations period under the AEDPA expired on March 13, 2002, absent either
16 a late-trigger date or a basis for tolling of the statute.

17       From the face of the Petition, it does not appear that petitioner has any basis for
18 contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  In addition,
19 it is clear that petitioner has no basis for contending that he is entitled to a later trigger
20 date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each
21 of his claims as of the date he was convicted and sentenced.  See Hasan v. Galaza, 254
22 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a
23 prisoner "knows (or through diligence could discover) the important facts, not when
24 the prisoner recognizes their legal significance").

25       Thus, unless a basis for tolling the statute existed, petitioner's last day to file
26 his federal habeas petition was March 13, 2002.  See Patterson v. Stewart, 251 F.3d
27 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28       28 U.S.C. § 2244(d)(2) provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." <u>See</u> <u>id</u>. at 1006. <u>Accord</u>, <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. <u>See</u> <u>Nino</u>, 183 F.3d at 1006.

Here, petitioner's first collateral challenge was not filed until on or about November 2, 2008.[3] By then, the one-year limitation period already had lapsed and could not be reinitiated. <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely

---

[3] In the Petition, petitioner indicates he filed three collateral challenges to his conviction in state court. He filed a habeas petition in the Orange County Superior Court on November 2, 2008, in the California Court of Appeal on a date uncertain (according to the California Appellate Courts website, the petition to the Court of Appeals was filed on March 9, 2009), and in the California Supreme Court on April 15, 2009. (<u>See</u> Pet. at ¶ 6).

filed); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001); <u>Wixom v. Washington</u>, 264 F.3d 894, 898-99 (9th Cir. 2001); <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000).

The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1141 (9th Cir. 2004); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **January 15, 2010**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that "extraordinary circumstances" beyond petitioner's control stood in his way and were the proximate cause of his untimeliness, and (2) that he has been pursuing his rights diligently. See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); <u>see</u> also <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (2006), <u>cert. denied</u>, 127 S. Ct. 1880 (2007); <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1153 (9th Cir. 2006); <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003).

DATED: December 1, 2009

/s/ David T. Bristow

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE